UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN STEVENS,<br><br>    Petitioner,<br><br>    v.<br><br>NAPA STATE HOSPITAL,<br><br>    Respondent. | Case No. 13-cv-05400-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner Dean Stevens is being detained at the Napa State Hospital. It is unclear from the petition whether he is awaiting trial, or has been tried and is awaiting sentencing. What is clear is that he has <u>not</u> been sentenced for charges he faced in the Mendocino County Superior Court. Dkt. 1, p.2. Although he has filed a federal habeas petition for initial review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases, the petition is DISMISSED as premature.

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person

1   detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate
2   only where the allegations in the petition are vague or conclusory, palpably incredible, or
3   patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

4       As grounds for federal habeas relief, Stevens alleges that he and other inmates at
5   Napa State Hospital are not "get[ting] the same 4013 credits bec[a]use we are
6   incompeten[t]."  (Pet. at 3.)  But because Stevens has not yet been sentenced, it is unknown
7   what credits he will be awarded or denied, including those he may have accrued during his
8   detention at Napa State Hospital.  It is therefore premature to consider his claim.

9       Under principles of comity and federalism, a federal court should not interfere with
10  ongoing state criminal proceedings by granting injunctive or declaratory relief absent
11  extraordinary circumstances.  *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971).  More
12  specifically, federal courts should not enjoin pending state criminal prosecutions absent a
13  showing of the state's bad faith or harassment, or a showing that the statute challenged is
14  "flagrantly and patently violative of express constitutional prohibitions." *Id.* at 46, 53-54.
15  *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending;
16  (2) the state proceedings involve important state interests; and (3) the state proceedings
17  afford adequate opportunity to raise the constitutional issue.  *See Middlesex County Ethics*
18  *Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

19      Abstention is appropriate here because all of the elements of *Younger* are present.
20  Nothing in the petition suggests there are extraordinary circumstances requiring this
21  Court's interference in state court criminal proceedings. As to the first *Younger* element,
22  the record demonstrates that Stevens's state court proceedings are ongoing. As to the
23  second *Younger* element, the Supreme Court has held that "a proper respect for state
24  functions," such as ongoing criminal trial proceedings, is an important issue of state
25  interest. *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973) (quoting *Younger*, 401
26  U.S. at 44).  As to the third prong of *Younger*, the Court finds no reason that Stevens
27  cannot pursue his claims in state court.  Furthermore, any interference by this Court in the
28  state court proceedings would cause results disapproved of by *Younger*. *SJSVCCPAC v.*

*City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). Thus, *Younger* abstention is applicable here.

When *Younger* applies and the party seeks injunctive relief, as does Stevens, federal courts should dismiss the action in its entirety. *See Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 816 n.22 (1976). Accordingly, the petition is DISMISSED without prejudice on grounds of abstention.

Stevens's second claim, which arises from the conditions of confinement (detention in solitary confinement, inadequate medical care, etc.) at Napa State Hospital is DISMISSED without prejudice. Claims regarding conditions of confinement should be raised in a civil rights action, not a habeas petition. Stevens may file a separate civil rights action if he seeks relief on his conditions of confinement claims.

Stevens's application to proceed *in forma pauperis* (Docket No. 3) is GRANTED. The Clerk shall terminate Docket No. 3, enter judgment in favor of respondents, and close the file.

**IT IS SO ORDERED.**

**Dated:** March 31, 2014



WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DEAN STEVENS,

        Plaintiff,

  v.

DIRECTOR, NAPA STATE HOSPITAL et al,

        Defendant.

Case Number: CV13-05400 WHO

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 31, 2014, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.

Dean Stevens 210736-0
Napa State Hospital
2100 Napa/Vallejo HWY
Napa, CA 94558-6293

Dated: March 31, 2014

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk